MR. JUSTICE MORRISON,
dissenting:
The majority places undue emphasis upon the thought processes of the Workers’ Compensation Judge as reflected in the conclusions quoted in the majority opinion. Specifically the majority reverses because of the following language:
“ ‘. . . In resolving conflicts of this nature, the approach that is most consistent with the legislative directive that this Court interpret the provisions of the Act liberally and with the Supreme Court’s recognition that this directive is intended to carry out the humane purposes of the Act is to resolve the conflict in the deposition testimony of medical experts by finding as facts those expert medical opinions that will substantiate a claimant’s claim for compensation . . . Why should this Court penalize a claimant because the experts in an inexact science disagree?’ “
The majority reads that language to mean the Workers’ Compensation Court would always resolve conflicts in the medical evidence in favor of the claimant. I do not think that is a proper construction of the above-quoted language. I believe the Workers’ Compensation Court is simply saying that, if after reading all of the medical depositions, the Workers’ Compensation Court is unable to resolve the con *57 flicts, then liberal construction of the Act tips the balance in favor of the claimant. I find it unnecessary to determine whether this is a proper approach.
The testimony to which the Workers’ Compensation Court referred was deposition testimony from medical experts. The only evidence offered to support position of appellant was deposition testimony from physicians. Under our scope of review this Court is entitled to evaluate the credibility of deposition testimony for the reason that the trial court did not observe the demeanor of the witnesses. This Court is in as good a position to evaluate credibility of deposition testimony as is the trial court.
In this case the medical testimony clearly preponderates in favor of the claimant. Therefore, the findings of the Workers’ Compensation Court find ample support in the record. Any confusion on the part of the lower court about resolving conflicts in the evidence is harmless error.
Since this is a dissent, I will volunteer that the Workers’ Compensation Court may well have applied a proper standard. At times it seems very difficult for a lay person to resolve conflicting testimony between two equally well qualified physicians. At this point, if the trier of fact resolved the conflict by invoking the liberal construction spirit of the Act, I can see no harm. This does not mean that the defendant’s medical testimony is always disregarded in favor of that offered by claimant. It simply means that where the trier of fact reaches a point where resolution of conflict is not otherwise possible, the spirit of the Act is invoked. It is apparent from the detailed findings of the Workers’ Compensation Court that all evidence was thoroughly analyzed and weighed. Under these circumstances it seems to me the trial court fostered the spirit of the Act in resolving the conflict in the way it did. A remand seems a futile exercise and worse, it further delays justice for this injured worker.